1
2
3
4
5
6
7
8
9

**THE SIMON LAW GROUP**
ROBERT T. SIMON (SBN 238095)
robert@justiceteam.com
THOMAS J. CONROY (SBN 256485)
conroy@justiceteam.com
LUCAS A. WHITEHILL (SBN 322104)
lucas@justiceteam.com
34 Hermosa Avenue
Hermosa Beach, CA 90254
Telephone (310) 914-5400
Facsimile  (310) 914-5401

*Attorneys for Plaintiffs,*
FIDEL ESCOBEDO, ALEXANDRA ESCOBEDO, MARY CHAVEZ,
MICHELLE OCHOA

10

## UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIDEL ESCOBEDO, Individually and as
Successor in Interest to the Estate of Maria
De La Luz Torres; ALEXANDRA
ESCOBEDO, Individually and as Successor
in Interest to the Estate of Maria De La Luz
Torres; MARY CHAVEZ, Individually and
as Successor in Interest to the Estate of
Maria De La Luz Torres; MICHELLE
OCHOA, Individually and as Successor in
Interest to the Estate of Maria De La Luz
Torres,

               Plaintiffs,

vs.

UNITED STATES OF AMERICA, a
government entity; DWARIKA BOODOO,
an Individual; CONSOLIDATED
DISPOSAL SERVICE, LLC; REPUBLIC
SERVICES; CARLOS BOTELLO-
ORTEGA, an Individual; KEURIG DR.
PEPPER INC.; SPLASH TRANSPORT,

Case No.

**PLAINTIFFS' COMPLAINT FOR
DAMAGES**

**1. Negligence**
**2. Wrongful Death**

**JURY TRIAL REQUESTED**

*Assigned to:*
*District Judge:*
*Magistrate Judge:*

1

| | |
|---|---|
| 1 | INC.; CHARLES JAMES ERICSSON, an Individual; and DOES 1 – 100, |
| 2 | |
| 3 | Defendants. |

4

5 ## COMPLAINT

6          COME NOW, Plaintiffs FIDEL ESCOBEDO, Individually and as Successor

7 in Interest to the Estate of Maria De La Luz Torres; ALEXANDRA ESCOBEDO,

8 Individually and as Successor in Interest to the Estate of Maria De La Luz Torres;

9 MARY CHAVEZ, Individually and as Successor in Interest to the Estate of Maria De

10 La Luz Torres; MICHELLE OCHOA, Individually and as Successor in Interest to the

11 Estate of Maria De La Luz Torres, and allege against defendants UNITED STATES

12 OF AMERICA, a government entity; DWARIKA BOODOO, an Individual;

13 CONSOLIDATED DISPOSAL SERVICE, LLC; REPUBLIC SERVICES;

14 CARLOS BOTELLO-ORTEGA, an Individual; KEURIG DR. PEPPER INC.;

15 SPLASH TRANSPORT, INC.; CHARLES JAMES ERICSSON, and Individual; and

16 DOES 1 – 100, as follows:

17 ## JURISDICTION & VENUE

18          1.     This Complaint involves causes of action asserted by Plaintiffs FIDEL

19 ESCOBEDO, Individually and as Successor in Interest to the Estate of Maria De La

20 Luz Torres; ALEXANDRA ESCOBEDO, Individually and as Successor in Interest

21 to the Estate of Maria De La Luz Torres; MARY CHAVEZ, Individually and as

22 Successor in Interest to the Estate of Maria De La Luz Torres; MICHELLE OCHOA,

23 Individually and as Successor in Interest to the Estate of Maria De La Luz Torres

24 (hereinafter, "Plaintiffs") against defendants UNITED STATES OF AMERICA, a

25 government entity; DWARIKA BOODOO, an Individual; CONSOLIDATED

26 DISPOSAL SERVICE, LLC; REPUBLIC SERVICES; CARLOS BOTELLO-

27 ORTEGA, an Individual; KEURIG DR. PEPPER INC.; SPLASH TRANSPORT,

28 INC.; CHARLES JAMES ERICSSON, and Individual; and DOES 1 – 100

(hereinafter, collectively, "defendants") for damages arising out of a multi-party motor vehicle collision on our about September 29, 2020.  Plaintiffs' Decedent Maria De La Luz Torres was killed as a consequence of this collision.

2.     This Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, which provides that "… the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3.     Jurisdiction also is proper because the amount in controversy is in excess of $75,000.

4.     The subject motor vehicle collision (the "Subject Incident") occurred in the City of Los Angeles, County of Los Angeles, and State of California.  Therefore, venue is proper in the United States District Court for the Central District of California.

## PARTIES

5.     At all times relevant to this Complaint, Plaintiff FIDEL ESCOBEDO was a California resident, and subject to the jurisdiction of the County of Los Angeles, State of California.

6.     At all times relevant to this Complaint, Plaintiff ALEXANDRA ESCOBEDO was a California resident, and subject to the jurisdiction of the County of Los Angeles, State of California.

///

///

PLAINTIFFS' COMPLAINT FOR DAMAGES

7.     At all times relevant to this Complaint, Plaintiff MARY CHAVEZ was a California resident, and subject to the jurisdiction of the County of Los Angeles, State of California.

8.     At all times relevant to this Complaint, Plaintiff MICHELLE OCHOA was an Indiana resident, subject to the jurisdiction of the County of Los Angeles, State of California.

9.     At all times relevant to this Complaint, Plaintiffs' Decedent Maria De La Luz Torrez was a California resident, and subject to the jurisdiction of the County of Los Angeles, State of California.

10.    Plaintiffs are informed and believe and based thereon allege that Defendant UNITED STATES is, and was at all relevant times the controlling, supervisory authority of the Department of Homeland Security, headquartered in Washington, District of Columbia, and duly organized and existing under the Homeland Security Act of 2002, and conducting affairs in the State of California, County of Los Angeles, and City of Los Angeles, through itself, its agents, and its alter egos.

11.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, there was a unity of interest and operation between Defendant UNITED STATES, and the Department of Homeland Security (hereinafter collectively referred to as "Defendant UNITED STATES") such that their separate and independent formation or classifications were a fiction and did not in fact exist, and that each was the alter-ego of the other, and that collectively they operated the services known to the public as Department of Homeland Security.

12.    Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, Defendant DWARIKA BOODOO, was an agent, servant, joint venturer and/or employee of Defendant UNITED STATES by and through the Department of Homeland Security, and was, as such, acting within the course, scope, color and authority of said agency, employment, and/or venture, and that Defendant

PLAINTIFFS' COMPLAINT FOR DAMAGES

UNITED STATES, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training, and supervision of Defendant DWARIKA BOODOO as an agent, servant, employee, successor in interest, and/or joint venturer.

13.     Plaintiffs are informed and believe and based thereon allege that Defendant UNITED STATES is, and was at all relevant times, the controlling, supervisory authority of the General Services Administration, headquartered in Washington, District of Columbia, and duly organized and existing under the Federal Property and Administrative Services Act, and conducting affairs in the State of California, County of Los Angeles, and City of Los Angeles, through itself, its agents, and its alter egos.

14.     Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, there was a unity of interest and operation between Defendant UNITED STATES, and the General Services Administration (hereinafter collectively referred to as "Defendant UNITED STATES") such that their separate and independent formation or classifications were a fiction and did not in fact exist, and that each was the alter-ego of the other, and that collectively they operated the services known to the public as General Services Administration.

15.     Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, Defendant DWARIKA BOODOO, as an agent, servant, employee, of Defendant UNITED STATES through the Department of Homeland Security, and was driving a vehicle owned by Defendant UNITED STATES through the General Services Administration. By entrusting said vehicle to Defendant DWARIKA BOODOO, Defendant UNITED STATES, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training, and supervision of its agent Defendant DWARIKA BOODOO as an agent, servant, employee, successor in interest, and/or joint venturer.

16.     Plaintiffs are informed and believe and based thereon allege that Defendant CONSOLIDATED DISPOSAL SERVICE, LLC is, and was at all times

herein relevant, a limited liability company duly organized and existing under the laws of the State of Arizona, County of Maricopa, City of Phoenix. Defendant CONSOLIDATED DISPOSAL SERVICE, LLC is, and at all relevant times was, authorized to conduct business and was doing business in the State of California, County of Los Angeles, City of Los Angeles, through itself, its agents, and its alter egos.

17.    Plaintiffs are informed and believe and based thereon allege that Defendant REPUBLIC SERVICES is, and was at all times herein relevant, a business entity of unknown formation, organized and existing under the laws of the State of Arizona, County of Maricopa, City of Phoenix. Defendant REPUBLIC SERVICES is, and at all relevant times was, authorized to conduct business and was doing business in the State of California, County of Los Angeles, City of Los Angeles, through itself, its agents, and its alter egos.

18.    Plaintiffs are informed and believe and based thereon allege that at all times herein relevant, Defendant CARLOS BOTELLO-ORTEGA was and is a resident of the County of Los Angeles, State of California.

19.    Plaintiffs are informed and believe and based thereon allege that at all times herein relevant, Defendant CARLOS BOTELLO-ORTEGA was an agent, servant, employee, successor-in-interest, and/or joint venturer of his co-Defendants CONSOLIDATED DISPOSAL SERVICE, LLC and REPUBLIC SERVICES, and was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that Defendants CONSOLIDATED DISPOSAL SERVICE, LLC and REPUBLIC SERVICES when acting as a principal, was negligent in the selection and hiring, training, and supervision of Defendant CARLOS BOTELLO-ORTEGA as an agent, servant, employee, successor-in-interest, and/or joint venturer.

20.    Plaintiffs are informed and believe and based thereon allege that Defendant KEURIG DR. PEPPER INC. is, and was at all times herein relevant, a

PLAINTIFFS' COMPLAINT FOR DAMAGES

corporation duly organized and existing under the laws of the State of Delaware. Defendant KEURIG DR. PEPPER INC., is, and at all relevant times was, authorized to conduct business and was doing business in the State of California, County of Los Angeles, City of Los Angeles, through itself, its agents, and its alter egos.

21.     Plaintiffs are informed and believe and based thereon allege that Defendant SPLASH TRANSPORT, INC. is, and was at all times herein relevant, a corporation duly organized and existing under the laws of the State of Indiana. Defendant SPLASH TRANSPORT, INC., is, and at all relevant times was, authorized to conduct business and was doing business in the State of California, County of Los Angeles, City of Los Angeles, through itself, its agents, and its alter egos.

22.     Plaintiffs are informed and believe and based thereon allege that at all times herein relevant, Defendant CHARLES JAMES ERICSSON was and is a resident of the County of Los Angeles, State of California.

23.     Plaintiffs are informed and believe and based thereon allege that at all times herein relevant, Defendant CHARLES JAMES ERICSSON was an agent, servant, employee, successor-in-interest, and/or joint venturer of his co-Defendants KEURIG DR. PEPPER INC. and/or SPLASH TRANSPORT, INC., and was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that Defendant KEURIG DR. PEPPER INC. and/or SPLASH TRANSPORT INC., when acting as a principal, was negligent in the selection and hiring, training, and supervision of Defendant CHARLES JAMES ERICSSON as an agent, servant, employee, successor-in-interest, and/or joint venturer.

24.     The true names and capacities, whether individual, plural, corporate, governmental, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is presently unknown to Plaintiffs but subject to discovery. Plaintiffs are informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was,

and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

25.    On or about October 30, 2020, Plaintiff FIDEL ESCOBEDO filed an administrative claim (Standard Form 95) for damages related to the subject incident with Defendant UNITED STATES OF AMERICA.

26.    On or about October 30, 2020, Plaintiff ALEXANDRA ESCOBEDO filed an administrative claim (Standard Form 95) for damages related to the subject incident with Defendant UNITED STATES OF AMERICA.

27.    On or about October 30, 2020, Plaintiff MARY CHAVEZ filed an administrative claim (Standard Form 95) for damages related to the subject incident with Defendant UNITED STATES OF AMERICA.

28.    On or about October 30, 2020, Plaintiff MICHELLE OCHOA filed an administrative claim (Standard Form 95) for damages related to the subject incident with Defendant UNITED STATES OF AMERICA.

29.    On or about July 29, 2022 each and every one of the above-noted administrative claims filed by the plaintiffs was denied, expressly and in writing, by the Office of the General Counsel, United States Department of Homeland Security (and thereby, Defendant UNITED STATES OF AMERICA).

## FACTUAL ALLEGATIONS

30.    Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

31.    On or about September 29, 2020 at approximately 10:00 a.m., Plaintiffs' Decedent Maria De La Luz Torres was driving southbound on I-5 from her residence

PLAINTIFFS' COMPLAINT FOR DAMAGES

in Palmdale to visit her daughter, Alexandra Escobedo, to spend the week and take care of her grandchildren.

32.     On or about September 29, 2020 at approximately 10:00 a.m., Defendant Dwarika Boodoo was driving a United States Homeland Security SUV southbound on I-5 on his way to work a protective detail at the Wilshire Federal Building in Los Angeles, scheduled from 8:00 a.m. to 4:00 p.m.

33.     On or about September 29, 2020 at approximately 10:00 a.m., Defendant Charles James Ericsson was driving a tractor trailer owned, leased, controlled and/or possessed by defendant Dr. Pepper Keurig, Inc. and/or Splash Transport, Inc. southbound on I-5 enroute to his home terminal in Vernon, CA following a delivery in Bakersfield, CA. Defendant Ericsson had been working since 12:20 a.m., and driving the tractor trailer at 1:25 a.m. picking up and delivering loads as well as dropping off and reattaching difference unloaded and loaded trailers at various locations, including Vernon and Orange, CA.

34.     On or about September 29, 2020 at approximately 10:00 a.m., Defendant Carlos Botello-Ortega was driving a garbage truck owned, leased, controlled and/or possessed by defendants Consolidated Disposal Services and/or Republic Services southbound on I-5 on his way back from Sunshine Canyon Landfill in Selma, CA where he emptied the waste collected from his route in Sun Valley, CA. Defendant Botello-Ortega had been working since 4:00 a.m. that morning in Sun Valley, CA and began collecting waste at approximately 7:00 a.m. in Sun Valley before emptying his truck at the Sylmar landfill.

35.     On or about September 29, 2020 at approximately 10:00 a.m., Defendant Dwarika Boodoo was operating an SUV southbound on I-5 when he collided with Decedent Maria De La Luz Torres' car, causing it to veer across the roadway and then be struck by both Defendant Ericsson's and Defendant Botello-Ortega's vehicles. The multi-party collision ultimately resulted in Decedent's death. The collision incident is hereinafter referred to as the "SUBJECT INCIDENT."

36.     At all times prior to and at the time of the collision, Plaintiff's Decedent had been driving her vehicle in a normal, prudent manner.

37.     As a result of each Defendants' acts and omissions, the subject collision caused Decedent death as herein alleged.

## **FIRST CAUSE OF ACTION**

### **(Negligence by all Plaintiffs as against all Defendants)**

38.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as through fully set forth herein.

39.     The law of the State of California applies to negligent conduct by Federal governmental entities.  32 C.F.R. § 750.23.

40.     Plaintiffs are informed and believe, and thereon allege, that on or about September 29, 2020, Defendant DWARIKA BOODOO, Defendant CARLOS BOTELLO-ORTEGA, and Defendant CHARLES JAMES ERICSSON, were operating their respective motor vehicles on behalf of their respective Defendant employers or principals as detailed hereinabove, in the City of Los Angeles, County of Los Angeles on the I-5 southbound freeway, 2224 feet South of Roxford St., and failed to drive in a reasonable manner, thereby causing a fatal motor vehicle collision with Plaintiffs' Decedent Maria De La Luz Torres.

41.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times Defendants, and each of them, owed a duty of care to Plaintiffs' decedent Maria De La Luz Torres to own, lease, maintain, inspect, entrust, delegate, manage, regulate, control, and operate their respective vehicles in a reasonable manner.  Plaintiffs are further informed and believe, and thereon allege, that at all relevant times, Defendants also owed a non-delegable duty to protect the safety of the public, including Plaintiffs' Decedent.

42.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times Defendants, and each of them, owed a duty while operating their vehicles in the course and scope of their respective employments to their fellow

PLAINTIFFS' COMPLAINT FOR DAMAGES

motorists and the public at large, to exercise reasonable care in the operation of their vehicles, to keep a look-out for other vehicles, and to reasonably control the speed and movement of their vehicles.

43.     Defendants, and each of them, failed to take reasonable care to prevent Plaintiffs and Plaintiffs' Decedent from coming to harm.

44.     As a result of each Defendants' negligence and the subsequent collision which followed, Plaintiffs' Decedent suffered grievous and ultimately fatal personal injuries. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, each Defendant had the ability and power to protect against, warn against, repair, remedy, correct, prevent, fix, and/or provide safeguards against the collision which resulted in the death of Plaintiffs' Decedent, but failed to do so.

45.     This failure to protect Plaintiffs and Plaintiffs' Decedent from coming to harm is a breach of each Defendants' duty. As a direct and proximate result of the acts and omissions of these Defendants, Plaintiffs' and Plaintiffs' Decedent sustained injuries.

46.     By reason of the foregoing, Defendants and DOES 1 through 100, inclusive, and each of them, are  liable for, and Plaintiffs are entitled to recover general, special, actual and compensatory damages, including, but not limited to necessary medical and related expenses, mental, emotional and physical pain and suffering prior to Plaintiffs' Decedent's death, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

## SECOND CAUSE OF ACTION

### (Wrongful Death by all Plaintiffs as against all Defendants)

47.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as through fully set forth herein.

48.     Plaintiffs and each of them are entitled under Section 377.60 of the California Code of Civil Procedure to bring action on behalf of, or for their own

damages as a consequence of, the death of Plaintiffs' Decedent Maria De La Luz Torres, and for the injuries and damages Plaintiffs' Decedent sustained prior to her death as a result of the above-described acts or omissions of Defendants.

49.   Defendants are liable for the wrongful death of Plaintiffs' Decedent Maria De La Luz Torres stemming from the allegations listed herein.

50.   As a proximate and legal result of Defendants conduct, Plaintiffs have been injured in an amount not presently ascertained. Such damages include, but are not limited to, the loss of love, care, comfort and companionship, loss of affection, emotional pain, distress and suffering, and general damages not presently ascertained.

51.   By reason of the occurrence made the basis of this suit, the support, inheritance and contributions which Plaintiffs' Decedent made and would have made to Plaintiffs have been forever swept away.  Accordingly, Plaintiffs seek to recover a sum of money that would fairly and reasonably compensate them for their pecuniary losses such as the loss of companionship, maintenance, support, services, advice, counsel, and all other reasonable contributions having a pecuniary value. Plaintiffs also seek compensation for the emotional pain, torment, mental anguish and suffering that they have suffered and, in reasonable probability, will continue to suffer in connection with the untimely death of Plaintiffs' Decedent.

52.   Plaintiffs are also entitled to recover their pecuniary losses in the form of the lost earnings or earning capacity and/or loss of household services which Plaintiffs' Decedent would have contributed to the family had her life not been lost. Plaintiffs have also incurred and seek to recover reasonable and customary bills for Plaintiffs' Decedent's funeral and burial.

///

///

///

///

PLAINTIFFS' COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.  For economic damages for past medical expenses, past and future lost earnings, and loss of earning capacity, and property damage;

2. For non-economic damages for past pain, suffering and emotional distress, all in an amount subject to proof;

3. For wrongful death damages permitted by law and the applicable jury instruction;

4. For the costs of disbursements in this action;

5. For expert expenses if allowed;

6. For prejudgment interest if allowed;

7. For any other relief the court deems just and proper.


**THE SIMON LAW GROUP LLP**

Dated: September 21, 2022


BY:_____
**THE SIMON LAW GROUP LLP**
**ROBERT T. SIMON**
**THOMAS J. CONROY**
**LUCAS A. WHITEHILL**
*Attorneys for Plaintiffs,*
FIDEL ESCOBEDO, ALEXANDRA
ESCOBEDO, MARY CHAVEZ, MICHELLE
OCHOA

## REQUEST FOR JURY TRIAL

Plaintiffs, FIDEL ESCOBEDO, Individually and as Successor in Interest to the Estate of Maria De La Luz Torres; ALEXANDRA ESCOBEDO, Individually and as Successor in Interest to the Estate of Maria De La Luz Torres; MARY CHAVEZ, Individually and as Successor in Interest to the Estate of Maria De La Luz Torres; MICHELLE OCHOA, Individually and as Successor in Interest to the Estate of Maria De La Luz Torres, hereby request a trial by jury on all issues so triable in the above-entitled action.

Dated: September 21, 2022

**THE SIMON LAW GROUP LLP**

BY: _____

**THE SIMON LAW GROUP LLP**
**ROBERT T. SIMON**
**THOMAS J. CONROY**
**LUCAS A. WHITEHILL**
*Attorneys for Plaintiffs,*
ESTATE OF MARIA DE LA LUZ TORRES;
FIDEL ESCOBEDO, ALEXANDRA
ESCOBEDO, MARY CHAVEZ, MICHELLE
OCHOA

PLAINTIFFS' COMPLAINT FOR DAMAGES